UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **Renascent Energy Holdings LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Exxon Mobil Corporation,**<br><br>Defendant. | CIVIL ACTION NO. 2:25-cv-00623<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Renascent Energy Holdings LLC ("REH"), by and through its attorneys, for its Complaint against Defendant Exxon Mobil Corporation ("Defendant"), demanding trial by jury, under FRCP Rule 38, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, of Renascent's United States Patent No. 11,834,942 (the "'942 Patent") based on Defendant's use of methods claimed in the '942 Patent in the United States.

2. Renascent seeks monetary damages under 35 U.S.C. § 281 *et seq.*

**THE PARTIES**

3. Renascent is a Texas limited liability company organized and existing under the laws of the State of Texas. Renascent maintains a principal place of business in Houston, Texas.

4. Upon information and belief, Defendant Exxon Mobil Corporation is incorporated in New Jersey with a principal place of business located at 22777 Springwoods Village Parkway, Spring, Texas 77389. As recently as June 2023, Exxon's principal place of business was 5959 Las

1

Colinas Boulevard, Irving, Texas 75039-2298. Exxon has been registered with the Texas Secretary of State since 1972 and may be served through its registered agent in Texas: Corporation Service Company d/b/a CSC-Lawyers Inco, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

5.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has specific and general personal jurisdiction over Defendant in this district because of Defendant's presence in this judicial district. Exxon has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

7.  This Court has personal jurisdiction over Exxon in this action because Exxon has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Exxon would not offend traditional notions of fair play and substantial justice. Exxon has committed and continues to commit acts of infringement in this District by, among other things, using, offering to sell, and selling products and services that infringe the Asserted Patent.

8.  Moreover, Defendant has availed itself of the laws of Texas. Defendant has derived substantial revenue from its infringement of the '942 patent. Defendant has systematic and continuous business contacts with the State of Texas. REH's claims arise out of and relate to, in part, Defendant's contacts with the State of Texas. Defendant conducts business within the State of Texas and has a registered agent in Texas.

9.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c)(3), and 1400(b). Exxon is registered to do business in Texas and Exxon has transacted

business in this District. Defendant has committed acts of infringement in this district and has regular and established places of business in this district.

10. Exxon operates over 1,900 Exxon gas-stations in Texas, more than any other state in the United States.[1]

11. Defendant also maintains a regular and established place of business at its large refining facilities in Beaumont, Texas, which generate one out of every 7 jobs in the area.[2]

## FACTS

### A. The 942 Patent

12. The 942 patent, entitled "Simultaneous Gas-Solid Chemical Stimulation of Hydraulically Fractured Oil Wells and Gas-Condensate Wells in Shale," was duly and legally issued on December 5, 2023, and named Ivan Terez and Kenneth Kibodeaux as the inventors (the "Inventors"). Attached as Exhibit 1 is a true and accurate copy of the '942 Patent.

13. REH is the assignee of the entire right, title, and interest in the 942 'Patent.

14. The '942 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

### B. Defendant's Infringing Activities

15. Defendant has and continues to infringe the '942 Patent by practicing the methods claimed in the '942 Patent in the United States.

## COUNT I
(Infringement of the 942 Patent)

16. REH repeats and realleges each of the preceding paragraphs as though fully set forth herein.

---

[1] *See, e.g.,* https://www.scrapehero.com/location-reports/Exxon%20Mobil-USA/.
[2] *See, e.g.,* https://corporate.exxonmobil.com/locations/united-states/beaumont-operations.

17. Defendant has been and is infringing the 942 Patent, including at least claim 1, by carrying out the methods of that claim in the United States, in violation of 35 U.S.C. § 271(a) through (c). *See* Exhibits 2 & 3, reflecting these facts.

18. Furthermore, Exxon has been actively inducing infringement of at least claim 1 of the '942 Patent in violation of 35 U.S.C. §271(b). Defendant's inducements include, without limitation and with specific intent to encourage the infringement, by knowingly inducing customers to use the patented method within the United States by directly and through intermediaries, encouraging and permitting customers to use the patented method and instructing such customers how to use the patented method, which Defendant knows or should know infringes at least claim 1 of the '942 Patent.

19. Defendant's acts of infringement of the '573 Patent have caused and will continue to cause REH damages for which REH is entitled to compensation pursuant to 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, REH requests judgment against Defendant, as follows:

Adjudging that Defendant has infringed and has actively induced infringement of the '942 Patent, in violation of 35 U.S.C. § 271(a) through (c);

Ordering Defendant to account and pay damages adequate to compensate REH for Defendant's infringement of the '942 Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

If discovery and evidence in this case so warrants, declaring this case exceptional and

awarding REH its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

Awarding such other and further relief as this Court deems just and proper.

Dated: June 12, 2025                                    Respectfully Submitted,

*/s/ Mark D. Siegmund*
Patrick Bright
**WAGNER, ANDERSON & BRIGHT PC**
10524 West Pico Boulevard #214
Los Angeles, CA 90064
(213) 700 -6637
pbright@patentattorney.us

Mark D. Siegmund
State Bar No. 24117055
William Ellerman
State Bar No. 24007150
Shuya "Grace" Yang
State Bar No. 24144144
**CHERRY JOHNSON SIEGMUND JAMES PC**
7901 Fish Pond Rd., 2nd Floor
Waco, TX 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
msiegmund@cjsjlaw.com
wellerman@cjsjlaw.com
gyang@cjsjlaw.com

***Attorneys for Plaintiff REH***